IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Janet Guzman, Christen Harper, Claudia Sampedro, Jessica Killings *a/k/a* Charm, Jessica Hinton *a/k/a* Jessa, Paola Canas, Sandra Valencia, Tiffany Gray *a/k/a* Tiffany Toth, Gallienne Nabila,<br><br>              Plaintiffs,<br><br>        v.<br><br>Acuarius Night Club LLC *d/b/a* Acuarius Night Club,<br><br>              Defendant. | Case No. 6:24-cv-00330-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiffs' motion for relief from judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure. [Doc. 15.]

According to the Complaint, Plaintiffs are each well known professional models who make a living modeling and licensing their likenesses for various purposes, including advertising products and services. [Doc. 1 ¶ 20.] Defendant operates a nightclub in Greenville, South Carolina, called Acuarius. [*Id.* ¶ 18.] Unbeknownst to Plaintiffs, Defendant used Plaintiffs' images and likenesses in advertising for Acuarius and did so without any Plaintiff's consent or knowledge and without compensating any Plaintiff. [*Id.* ¶¶ 22–25.] Based on this advertising scheme, on January 23, 2024, Plaintiffs filed their Complaint against Defendant alleging violations of the false association and false advertising provisions of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B); violations of each Plaintiff's right of publicity under South Carolina law (the "misappropriation of

likeness claim"); violation of South Carolina's Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.; and various common law torts. [Doc. 1 ¶¶ 74–143.]

Defendant was served with the Summons and Complaint on February 16, 2024 [Docs. 10; 10-1], and on or around March 6, 2024, Plaintiffs consented to Defendant's request to extend its deadline for responding to the Complaint to March 29, 2024 [Docs. 11; 11-1]. On March 28, 2024, Defendant filed a motion to dismiss requesting that the misappropriation of likeness claim be dismissed without prejudice for lack of subject-matter jurisdiction and that all other claims be dismissed with prejudice for failure to state a claim. [Doc. 12.] When Plaintiffs did not respond to the motion by the April 11, 2024, response deadline, the Court granted Defendant's motion as unopposed on April 12, 2024. [Doc. 13]; *see Waiters v. Sci. Applications Int'l Corp.*, No. 2:17-3227-BHH-BM, 2019 WL 5874132, at *8, 10 (D.S.C. May 10, 2019) (concluding that a plaintiff abandoned claims by failing to address in his opposition to a motion to dismiss an argument raised in the motion to dismiss), *Report and Recommendation adopted by* 2019 WL 4462810 (D.S.C. Sept. 18, 2019); *Tomaszewski v. St. Albans Operating Co., LLC*, No. 2:18-cv-01327, 2018 WL 5815560 (S.D.W. Va. Nov. 6, 2018) (granting motion to dismiss when the plaintiff failed to file a response). In so doing, the Court dismissed eight of Plaintiffs' nine claims with prejudice for failure to state a claim and declined to exercise supplemental jurisdiction over the remaining state-law misappropriation of likeness claim, dismissing that claim without prejudice. [Doc. 13.]

Three days later, on April 15, 2024, Plaintiffs filed a motion for relief for judgment under Rule 60(b)(1). [Doc. 15.] On April 29 and May 6, Defendant filed a response

opposing the motion, and Plaintiffs filed a reply.  [Docs. 16; 17.]  The motion is ripe for review.

In seeking relief from the judgment, Plaintiffs represent that Plaintiffs' local counsel, the Law Offices of Joshua E. Slavin ("Slavin"), inadvertently overlooked the notice of electronic filing, failed to calendar the applicable response deadline, and failed to relay it to Plaintiffs' lead counsel, John V. Golaszewski of the Casas Law Firm, P.C., whose pro hac vice application has not yet been filed and whose office thus did not receive the notice of electronic filing relating to Defendant's motion.  [Doc. 15 at 7–8.]  Plaintiffs argue that they have a meritorious opposition to Defendant's motion to dismiss, that Defendant would not be unfairly prejudiced by having the case litigated on the merits, and that the type of mistake made here "is not indicative of either firm's typical practice."  [*Id.* at 4–8.]  Citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810–12 (4th Cir. 1988) (per curiam), and *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982), Plaintiffs contend that they should not be penalized for their attorney's mistake. [*Id.*]

Rule 60(b) allows a party to obtain relief from a judgment if the party demonstrates:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

>(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Importantly, the Fourth Circuit "has held that a lawyer's ignorance or carelessness do not present cognizable grounds for relief under Rule 60(b)." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 413 (4th Cir. 2010) (alteration and internal quotation marks omitted); *see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396 (1993) ("[W]e have held that clients must be held accountable for the acts and omissions of their attorneys."); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 633–34 (1962) ("Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent.").  Applying this rule, the Fourth Circuit has refused to set aside a judgment based on an attorney's carelessness even in the absence of any indication that the client was also to blame.  *See Robinson*, 599 F.3d at 412–13 (affirming a denial of a motion filed in part under 60(b) when the court had granted summary judgment to the defendant after the plaintiff, through his counsel's negligence, failed to respond to the summary judgment motion); *Evans v. United Life & Acc. Ins. Co.*, 871 F.2d 466, 472 (4th Cir. 1989) (affirming a denial of a Rule 60(b) motion when counsel had overlooked a statute that would have allowed a larger interest award than the judgment provided).

Plaintiffs rely on cases applying an exception to this general rule [Doc. 15 at 8 (citing *Augusta Fiberglass* and *Moradi*)], but that exception applies only when the judgment from which relief is sought is a default judgment.  *See Augusta Fiberglass*, 843 F.2d at 810 ("Where defaults and judgments thereon are at issue, Rule 60(b) must be read with due regard for Rule 55(c), which provides that for good cause shown, the court may set aside an entry of default, and, if a judgment by default has been entered, may

4

likewise set it aside in accordance with Rule 60(b)." (internal quotation marks omitted)); *id.* at 810–11 ("[W]here default judgments are at issue, over the years [the Fourth Circuit] has taken an increasingly liberal view of Rule 60(b)" and "[t]his liberal view of discretionary relief from default judgments is best illustrated by [*Moradi*]."). In cases involving default judgments, in contrast to the general rule applied to other Rule 60(b)(1) motions, the Fourth Circuit has "[d]raw[n] a clear line between the fault of counsel and the fault of a party personally." *Id.* at 811; *see also J&J Sports Prods., Inc. v. Argueta*, No. 1:12-cv-1329, 2013 WL 5960859, at *1 n.1 (M.D.N.C. Nov. 7, 2013) (noting that *Robinson* "did not involve *Augusta*'s more liberal construction of Rule 60(b) when relief is sought from a default judgment"). In such cases, the court has held that "'justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney.'" *Augusta Fiberglass*, 843 F.2d at 811 (alteration omitted).

Because the judgment sought to be set aside in this case is not a default judgment, Rule 60(b) is not read in conjunction with Rule 55(c), and Plaintiffs' citation to the more liberal rule of *Augusta Fiberglass* and *Moradi* is inapposite. *See Holliday v. Duo-Fast Md. Co.*, No. 89-1496, 1990 WL 74425 (4th Cir. May 4, 1990) (unpublished) (affirming the denial of a Rule 60(b) motion seeking to set aside the grant of summary judgment entered after the plaintiff failed—apparently inadvertently—to oppose summary judgment; distinguishing the more liberal standard applied when the judgment sought to be set aside is a default judgment). Accordingly, counsel's simple inattentiveness—no matter how out of character it was—is not grounds for Rule 60(b)(1) relief, even assuming Plaintiffs bore no blame themselves for the error. *See Robinson*, 599 F.3d at 413; *Evans*, 871 F.2d at 472. Plaintiffs' motion is therefore denied.

Based upon the foregoing, Plaintiffs' motion for relief from judgment under Rule 60(b)(1) [Doc. 15] is DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

June 11, 2024
Greenville, South Carolina