IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Janet Guzman, Christen Harper, Claudia Sampedro, Jessica Killings *a/k/a* Charm, Jessica Hinton *a/k/a* Jessa, Paola Canas, Sandra Valencia, Tiffany Gray *a/k/a* Tiffany Toth, Gallienne Nabila,<br><br>            Plaintiffs,<br><br>v.<br><br>Acuarius Night Club LLC *d/b/a* Acuarius Night Club,<br><br>            Defendant. | Case No. 6:24-cv-00330-JDA<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiffs' motion to alter or amend judgment and Defendant's motion to stay.[1]  [Docs. 20; 31.]

**BACKGROUND**

According to the Complaint, Plaintiffs are each well known professional models who make a living modeling and licensing their likenesses for various purposes, including advertising products and services.  [Doc. 1 ¶ 20.]  Defendant operates a nightclub in Greenville, South Carolina, called Acuarius.  [*Id.* ¶ 18.]  Unbeknownst to Plaintiffs, Defendant used Plaintiffs' images and likenesses in advertising for Acuarius and did so without any Plaintiff's consent or knowledge and without compensating any Plaintiff.  [*Id.* ¶¶ 22–25.]  Based on this advertising scheme, on January 23, 2024, Plaintiffs filed their

---

[1] Defendant styled its filing as "Supplement Regarding Plaintiffs' Motion to Reconsider," but because the filing "requests the Court defer consideration of the motion for reconsideration until the Fourth Circuit rules on the pending motion to dismiss the appeal," the Court construes it as a motion to stay.  [Doc. 31.]

Complaint against Defendant alleging violations of the false association and false advertising provisions of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and (B); violations of each Plaintiff's right of publicity under South Carolina law (the "misappropriation of likeness claim"); violation of South Carolina's Unfair Trade Practices Act, S.C. Code § 39-5-10 et seq.; and various common law torts.  [Doc. 1 ¶¶ 74–143.]

Defendant was served with the Summons and Complaint on February 16, 2024 [Docs. 10; 10-1], and on or around March 6, 2024, Plaintiffs consented to Defendant's request to extend its deadline for responding to the Complaint to March 29, 2024 [Docs. 11; 11-1].  On March 28, 2024, Defendant filed a motion to dismiss requesting that the misappropriation of likeness claim be dismissed without prejudice for lack of subject-matter jurisdiction and that all other claims be dismissed with prejudice for failure to state a claim.  [Doc. 12.]  When Plaintiffs did not respond to the motion by the April 11, 2024, response deadline, the Court issued a Text Order granting Defendant's motion as unopposed on April 12, 2024 (the "April 12 Order").  [Doc. 13.]  In so doing, the Court dismissed eight of Plaintiffs' nine claims with prejudice for failure to state a claim and declined to exercise supplemental jurisdiction over the remaining state-law misappropriation of likeness claim, dismissing that claim without prejudice.  [*Id.*]

Three days later, on April 15, 2024, Plaintiffs filed a motion for relief for judgment under Rule 60(b)(1) (Plaintiffs' "First Motion").  [Doc. 15.]  In seeking relief from the judgment, Plaintiffs represented that their local counsel, the Law Offices of Joshua E. Slavin ("Slavin"), inadvertently overlooked the notice of electronic filing, failed to calendar the applicable response deadline, and failed to relay it to Plaintiffs' lead counsel, John V. Golaszewski of the Casas Law Firm, P.C., whose pro hac vice application had not yet

been filed and whose office thus did not receive the notice of electronic filing relating to Defendant's motion. [*Id.* at 7–8.] Plaintiffs argued that they have a meritorious opposition to Defendant's motion to dismiss, that Defendant would not be unfairly prejudiced by having the case litigated on the merits, and that the type of mistake made here "is not indicative of either firm's typical practice." [*Id.* at 4–8.] Citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810–12 (4th Cir. 1988) (per curiam), and *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982), Plaintiffs contended that they should not be penalized for their attorney's mistake. [*Id.*] On June 11, 2024, the Court issued an Order denying the First Motion on the basis that a lawyer's ignorance or carelessness do not present cognizable grounds for relief under Rule 60(b) when the judgment sought to be set aside is not a default judgment (the "June 11 Order"). [Doc. 19 at 4–5.]

Two days later, on June 13, 2024, Plaintiffs filed a motion to alter or amend the Court's judgment, citing as support for their motion Rules 59(e) and 60(b)(6) of the Federal Rules of Civil Procedure (Plaintiffs' "Second Motion"). [Doc. 20.] In that motion, Plaintiffs argue for the first time that the Court erred in granting Defendant's motion to dismiss. [*Id.*] Plaintiffs argue that the April 12 Order was in error for two reasons: first, because it granted Defendant's motion as unopposed without determining whether the Complaint failed to state a claim regarding the causes of actions that were dismissed [*id.* at 3–4 (citing *Stevenson v. City of Seat Pleasant*, 743 F.3d 411, 416 n.3 (4th Cir. 2014) ("Even though Appellants did not challenge the motion to dismiss, we note that the district court nevertheless has an obligation to review the motions to ensure that dismissal is proper.")]; and second, that even if the Court correctly dismissed the other claims for

3

failure to state a claim, the Court erred in declining to exercise jurisdiction over Plaintiffs' misappropriation of likeness claim [*id.* at 4]. The same day, Plaintiffs filed a notice of appeal in the Fourth Circuit Court of Appeals concerning the April 12 Order, and they later filed an amended notice of appeal, so that it encompasses the June 11 Order as well. [Docs. 22; 29.] On June 14 and 21, Defendant filed a response opposing Plaintiffs' Second Motion and Plaintiffs filed a reply to the response. [Docs. 21; 26.]

Finally, on July 16, Defendant filed a motion to stay this Court's consideration of Plaintiffs' Second Motion, and on July 18 and 25, Plaintiffs filed a response opposing the motion and Defendant filed a reply to the response. [Docs. 31; 34; 37.]

Defendant's position in its response opposing Plaintiffs' Second Motion is that the motion is untimely filed; that Plaintiffs' arguments for reconsideration are barred, in any event, because they were not raised in their First Motion; and that this Court did not err with regard to the April 12 Order. [Doc. 21.] Nonetheless, in its motion to stay, Defendant represents that in Plaintiffs' appeal in this matter, Defendant has filed a motion "asking the Fourth Circuit to dismiss the appeal or summarily affirm the Court's judgment and to instruct this Court to deny Plaintiffs' pending motion for reconsideration based on *res judicata*." [Doc. 31 at 2.] On that basis, Defendant "requests the Court defer consideration of the motion for reconsideration until the Fourth Circuit rules on the pending motion to dismiss the appeal." [*Id.*]

On the other hand, Plaintiffs argue that the Second Motion was timely filed and the arguments therein are not barred for not having been raised in the First Motion. [Doc. 26 at 2–5.] Plaintiffs also oppose Defendant's motion to stay. [Doc. 34.]

4

## APPLICABLE LAW

"A motion for reconsideration is generally raised via Rules 59 and 60 of the Federal Rules of Civil Procedure." *Brooks v. Zorn*, No. 2:22-cv-00739-DCN-MHC, 2024 WL 1571688, at *3 (D.S.C. Apr. 11, 2024). The Fourth Circuit has recognized only three grounds for granting a Rule 59(e) motion: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "[T]he rule permits a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Id.* (internal quotation marks omitted). However, "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Id.* (internal quotation marks omitted). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). A district court does not have discretion to extend the time limit for filing a Rule 59(e) motion, *see* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] . . . 59 . . . (e)."), and it lacks jurisdiction to consider an untimely Rule 59(e) motion, *see Miracle of Life, L.L.C. v. N. Am. Van Lines, Inc.*, 447 F. Supp. 2d 519, 521 (D.S.C. Mar. 9, 2006).

5

"When a motion to reconsider brought pursuant to Rule 59(e) is untimely, courts construe the motion as one filed under Rule 60(b)." *Brooks*, 2024 WL 1571688, at *3. Rule 60(b) states,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "To succeed on a Rule 60(b) motion, a party must demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances." *Brooks*, 2024 WL 1571688, at *9 (internal quotation marks omitted). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993).

6

**DISCUSSION**

**Motion to Stay**

The Court begins with Defendant's motion to stay. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936). "The party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

"The grant or denial of a request to stay proceedings calls for an exercise of the district court's judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *Md. v. Universal Elections, Inc.*, 729 F.3d 370, 375 (4th Cir. 2013) (internal quotation marks omitted). "In deciding whether to grant a motion to stay, courts consider three factors: (1) judicial economy, (2) hardship and equity to the moving party if the action is not stayed, and (3) potential prejudice to the non-moving party." *CKC Props., LLC v. Town of Mount Pleasant*, No. 2:23-cv-04489-DCN, 2024 WL 39067, at *3 (D.S.C. Jan. 3, 2024) (internal quotation marks omitted).

Here, Defendant has not shown that any of the factors justify a stay. To the extent that Plaintiffs seek relief in their Second Motion based upon an alleged legal error by this Court, considerations of judicial efficiency favor this Court considering whether Plaintiffs are entitled to relief under the motion so as to potentially save the Fourth Circuit from having to expend its resources to familiarize itself with this case and dispose of the

7

appeal. Further, Defendant has not identified any issues of hardship or fairness to either party that would weigh in favor of a stay here. Accordingly, Defendant's motion to stay is denied, and the Court turns to the question of whether Plaintiffs are entitled to relief under their Second Motion.

**Plaintiffs' Second Motion**

*Relief under Rule 59(e)*

As noted, Defendant argues that to the extent Plaintiffs seek relief under Rule 59(e), the Second Motion is untimely. [Doc. 21 at 1.] Plaintiffs maintain, on reply, that the Second Motion was timely under Rule 59(e) because Plaintiffs' First Motion, although presented by Plaintiffs as being pursuant to Rule 60(b) and addressed by this Court as such, was actually a Rule 59(e) motion. [Doc. 26 at 2–3.] Plaintiffs further contend that the filing of a Rule 59(e) motion tolls the time for filing a second Rule 59(e) motion that challenges the same judgment. [*Id.* at 3–4.]

Even assuming arguendo that the filing of a Rule 59(e) motion tolls the time for filing a second Rule 59(e) motion challenging the same judgment,[2] the Court concludes that Plaintiffs' First Motion was not a Rule 59(e) motion. In support of their argument to the contrary, Plaintiffs quote the following language from *Dove v. CODESCO*, 569 F.2d

---

[2] In support of their assertion that the filing of a Rule 59(e) motion tolls the time for filing a second Rule 59(e) motion challenging the same judgment, Plaintiffs cite language from *Daulatzai v. Maryland*, 97 F.4th 166, 178 (4th Cir. 2024), stating that "[t]he filing of a timely Rule 59(e) motion suspends the finality of the judgment, with the judgment's finality being restored only upon disposition of the motion." [Doc. 26 at 3.] However, the case and procedural rule on which *Daulatzai* relied both concern the suspension of the time for filing *an appeal* rather than another Rule 59(e) motion. *See Daulatzai*, 97 F.4th at 178; *Banister v. Davis*, 590 U.S. 504, 516 (2020); Fed. R. App. P. 4(a)(4)(A)(iv). Nonetheless, because the Court properly considered the First Motion as being made pursuant to Rule 60(b) rather than Rule 59(e), the Court need not determine whether the filing of an earlier Rule 59(e) motion would have tolled the applicable deadline.

807 (4th Cir. 1978), in which the Fourth Circuit treated a motion styled as a 60(b) motion as a 59(e) motion:

> "While not condoning the misstyling of motions, we nonetheless agree that if a post-judgment motion is filed within ten days of the entry of judgment *and calls into question the correctness of that judgment* it should be treated as a motion under Rule 59(e), however it may formally be styled."

[Doc. 26 at 2 (quoting *Dove*, 569 F.2d at 809) (emphasis added).] The Court concludes that this rule is of no help to Plaintiffs here because although the First Motion was filed within 10 days of the entry of judgment, it did not call into question the judgment's correctness. Plaintiffs in the First Motion contended, in the context of arguing for relief under Rule 60(b), that they had meritorious defenses to Defendant's motion, but they did not argue that the Court erred in granting Defendant's motion as unopposed. It was only in Plaintiffs' Second Motion that they argued that the April 12 Order was erroneous. Accordingly, the Court's treatment of Plaintiffs' First Motion as a Rule 60(b) motion was correct.

Because there is no basis for tolling the 28-day period for filing a Rule 59(e) motion challenging the April 12 Order, the final day for filing such a motion was May 10, 2024. As Plaintiffs filed the Second Motion more than a month after that date, it was untimely under Rule 59(e).

### *Relief under Rule 60(b)*

With the Court already having ruled in the June 11 Order that Plaintiffs were not entitled to relief under Rule 60(b)(1) [Doc. 19], Plaintiffs now argue that they are entitled to relief under Rule 60(b)'s catch-all provision, Rule 60(b)(6) [Doc. 26 at 5–7]. The Court disagrees.

9

Rule 60(b) "invest[s] federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropriate to accomplish justice." *Compton v. Alton S.S. Co.*, 608 F.2d 96, 101–02 (4th Cir. 1979) (internal quotation marks omitted). "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional circumstances." *Id.* at 102. "Rule 60(b) does not authorize a motion merely for reconsideration of a legal issue." *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982); *see also CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 n.2 (4th Cir. 1995) ("Functionally, the *Williams* decision renders reconsideration of legal arguments under Rule 60(b) essentially impossible when the arguments should have been brought under Rule 59(e)."). Thus, a Rule 60(b)(6) motion should be denied "if the reason asserted for the . . . motion could have been addressed on appeal from the judgment." *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (en banc).

Here, Plaintiffs merely seek to raise arguments seeking reconsideration of legal issues, issues that they could have raised under Rule 59(e) in their First Motion and that they could raise on appeal. Nothing about such circumstances is extraordinary, and relief under Rule 60(b)(6) is therefore not warranted. *See id.*; *Williams*, 674 F.2d at 312. Because, for the reasons discussed, Plaintiffs are not entitled to relief under either Rule 59(e) or Rule 60(b)(6), Plaintiffs' Second Motion is denied.

## **CONCLUSION**

For these reasons, Plaintiffs' motion to alter or amend judgment [Doc. 20] and Defendant's motion to stay [Doc. 31] are both DENIED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

July 30, 2024
Columbia, South Carolina