**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| JANET GUZMAN, CHRISTEN HARPER, CLAUDIA SAMPEDRO, JESSICA "CHARM" KILLINGS, JESSICA "JESSA" HINTON, PAOLA CAÑAS, SANDRA VALENCIA, TIFFANY GRAY a/k/a TIFFANY TOTH, and GALLIENNE NABILA | ) ) ) ) ) ) | Civil Action No.: 6:24-cv-330-JDA |
| | ) ) | **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY** |
| Plaintiffs, | ) | |
| v. | ) ) | |
| ACUARIUS NIGHT CLUB, LLC d/b/a ACUARIUS NIGHT CLUB, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

Defendant Acuarius Night Club, LLC (Acuarius), through undersigned counsel, hereby responds in opposition to Plaintiffs' motion for leave to file a sur-reply (ECF No. 52). As an initial matter, Plaintiffs did not consult as required by Local Civil Rule 7.02 (D.S.C.), which alone is sufficient grounds to deny the motion.

Sur-replies are "highly disfavored." *Hill v. Aaron's, Inc.*, No. 7:18-CV-1892-TMC, 2019 WL 13258466, at *3 (D.S.C. Jan. 7, 2019). Courts may nonetheless allow a sur-reply when a moving party raises new arguments in its reply brief. *Id.* "But, when 'a party seeks merely to re-open briefing on issues previously raised, a sur-reply should not be allowed.'" *Id.* (quoting *Dillard v. Kolongo*, 2017 WL 2312988, at *6 (E.D. Va. 2017)).

Defendant raised the untimeliness of many of Plaintiffs claims in its motion to dismiss (ECF No. 48 at 6–9). Plaintiffs responded that they should avoid dismissal of their untimely claims at the motion to dismiss stage because they failed to plead any facts regarding when they believe their claims arose (ECF No. 49 at 6–7). Defendant replied to that argument, noting that the Fourth

Circuit rejected it *Goodman v. Praxair, Inc.*, 494 F.3d 458, 466 (4th Cir. 2007), and that a recent district court case applied *Goodman* when rejecting this argument when it was asserted by many of these same Plaintiffs (ECF No. 50 at 3–4). That is a response to Plaintiffs' argument regarding their untimely claims, not a new argument for dismissal raised for the first time in a reply brief. "'Where the arguments made by a party in their reply brief are merely responses to new arguments made by a party in their response, a sur-reply is not appropriate.'" *Hill*, 2019 WL 13258466, at *3 (quoting *Gibbs v. Plain Green, LLC*, 2017 WL 7693141, at *1 (E.D. Va. Oct. 31, 2017)). The Fourth Circuit issued its opinion in *Goodman* 18 years ago. Plaintiffs had ample opportunity to address it in their response to the motion to dismiss.

Further, Plaintiffs' claim that Defendant's reply brief contains a "misstatement" of the holding in *Rose v. Unplugged Sports Bar and Restaurant, Inc.*, No. 8:25-cv-521-MJM, 2026 WL 850523 (D. Md. Mar. 27, 2026) that needs correction is specious. Defendant's quotations from *Rose* and representations regarding the holding in *Rose* are entirely accurate, which is easily verified because Defendant attached the entire *Rose* opinion as an exhibit to its reply (ECF No. 50-1). Plaintiffs do not claim otherwise, nor do they identify any purported "misstatement." As best as Defendant can tell, Plaintiffs purpose in seeking leave to file a sur-reply merely is to provide a block quotation from *Rose* regarding leave to amend their deficient pleading, to argue they should be granted such leave in this case as well. But Plaintiffs requested leave to amend in their response to the motion to dismiss (ECF No. 49 at 15); they do not need a sur-reply to repeat that request. Moreover, the fact that the *Rose* court allowed Plaintiffs leave to amend to attempt to correct their deficient pleading has no bearing on the legal argument for which Defendant cites *Rose*, which is that Plaintiffs' pleading in this case is also deficient, and that Plaintiffs argument that they can

avoid dismissal of untimely claims simply by failing to plead any facts regarding when they believe

their claims arose is not allowed in the Fourth Circuit.

<div style="margin-left: 50%;">

Respectfully submitted by:

s/Phillip D. Barber
Richard A. Harpootlian (Fed. ID No. 1730)
Phillip D. Barber (Fed. ID No. 12816)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
Post Office Box 1090
Columbia, SC 29202
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
rah@harpootlianlaw.com
pdb@harpootlianlaw.com

ATTORNEYS FOR DEFENDANT

</div>

April 1, 2026
Columbia, South Carolina.

3